UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM OPINION AND ORDER** <br><br> Case No. 2:10-cv-00547-BCW <br><br> Magistrate Judge Brooke C. Wells |

Julie A. Thomas appeals the Commissioner of Social Security's decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C.§§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## LEGAL STANDARDS

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the

1

evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## **BACKGROUND**

Julie A. Thomas, the plaintiff, filed an application for Supplemental Security Income on April 18, 2006. (T. 112-115). Ms. Thomas's claim was initially denied on November 17, 2006 (T. 72), and upon reconsideration on February 8, 2007. (T. 74). Ms. Thomas timely requested a hearing before an Administrative Law Judge ("ALJ") on March 14, 2007. (T. 83).

A hearing was held on June 5, 2008, in Salt Lake City, Utah before an Administrative Law Judge. (T. 17). The ALJ issued a decision finding Ms. Thomas not disabled on June 25, 2008. (T. 6). In this decision, the ALJ acknowledged that Ms. Thomas suffered from the severe impairments of disorders of the back following three back surgeries, bipolar disorder, anxiety (PTSD), and borderline personality disorder with dependent features. (T. 11). However, he concluded that while these impairments might reasonably be expected to cause the symptoms and pain complained of by Ms. Thomas, he did not find Ms. Thomas's reports of the intensity, persistence, and limiting effects of these symptoms credible. (T. 14). In making this finding, the ALJ failed to explain what weight, if any, was given to any of the medical opinions in the record. (T. 15). He also failed to include all Ms. Thomas's impairments in his residual functional capacity assessment. (T. 13).

On May 11, 2010, the Appeals Council denied Ms. Thomas's request for review of the ALJ's decision. (T. 1). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. *See* 20 C.F.R. § 416.1481.

**DISCUSSION**

**I.  The ALJ Failed to Consider the Medical Opinion Evidence as Required**

Agency rulings and Social Security regulations clearly direct an ALJ toward the established process for deciding what weight to give treating source opinions. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). Social Security Ruling 96-2p establishes a two-step sequential process for determining whether a treating source's opinion should be given controlling weight. First, an ALJ must decide whether a treating source opinion should be given controlling weight. *Watkins v. Barnhart*, 350 F.3d at 1300. The ALJ must determine whether the treating source opinion is "well-supported" by acceptable clinical and laboratory diagnostic techniques." Then, the ALJ must confirm that the opinion is consistent with other substantial evidence in the record. *Watkins v. Barnhart*, 350 F.3d at 1300.

The reviewing court must remand a case where the ALJ fails to explain both the weight given to a treating source's opinions, and the reasons for assigning that particular weight. *Watkins v. Barnhart*, 350 F. 3d at 1301. Even if the ALJ does not give treating source opinions controlling weight, the opinions are still entitled to deference and the ALJ must still evaluate those opinions using the factors in 20 C.F.R. § 404.1527 and 416.927.[1] *Watkins*, 350 F.3d at 1300. After considering the factors, the ALJ must provide good reason in the decision for the weight he gives to the treating source's opinion. *Watkins*, 350 F.3d at 1301. If the ALJ fails to

---

[1] The factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1301.

explain what weight is given to the testimony and his reasons for assigning that weight, the reviewing court cannot provide a meaningful review of the ALJ decision. *Id*.

The Commissioner argues that an ALJ is allowed to make "implicit" findings. However, the 10th Circuit recently reiterated the rule that a failure to follow the sequential analysis outline in *Watkins v. Barnhart*, requires a case be remanded. *See Daniell v. Astrue*, No. 09-2310 (10th Cir. June 29, 2010)(finding that remand required where the ALJ failed to state what weight was given to the opinion of a treating physician and failed to explain why the ALJ accepted portions of the treating physician's opinion and rejected others.)

In this case, the ALJ failed to follow the sequential analysis, failed to offer any evidence from the record to contradict the opinions of Dr. Colledge and failed to provide an evaluation of Dr. Colledge's opinion that addressed the factors outlined in 20 C.F.R. § 404.1527 and 416.927. For these reasons, the Court is unable, at this stage, to provide a meaningful review. Findings as to whether the opinion is either supported or inconsistent with other substantial evidence are necessary so that this Court can properly review the ALJ's determination on appeal. *Watkins* at 1300. The failure to provide these findings is an error, and it is one that cannot be through *post-hoc* rationalization. *See, e.g., Haga v. Astrue,* 482 F. 3d 1205 (10th Cir. 2007); *Allen v. Barnhart,* 357 F.3d 1140, 1142, 1145 (10th Cir. 2004) (holding that district court's "post-hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process").

In addition to the treating physician opinion, the ALJ must evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(d). Unless the treating source's opinion is given controlling weight, the ALJ must explain in the decision the weight given to the opinions of other examining or non-examining sources that have evaluated the claimant. 20 C.F.R. §

4

416.927(f)(2)(ii). In this case, the ALJ failed to assign a weight to any of the examining or non-examining medical opinions and fails to cite to any evidence from the record in support of his findings. (T. 15).

For these reasons, the ALJ has committed legal error by failing to properly evaluate the medical opinion evidence. Furthermore, the lack of citations to the record when discussing the opinion evidence amounts to a failure to provide substantial evidence in support of his rejection of treating and examining physician opinions. s.

## II. The ALJ Failed to Include All Ms. Thomas's Impairments in his Residual Functional Capacity Evaluation.

Social Security Ruling 96-8p requires that when making findings concerning the claimant's residual functional capacity ("RFC"), the ALJ must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical fact (e.g. laboratory findings) and non-medical evidence (e.g. daily activities, observations)." This assessment must be done on a function by function basis and include both exertional and nonexertional limitations for both severe and nonsevere impairments. SSR 96-8p. Finally, the RFC must include a resolution of any conflicts in the evidence. SSR 96-8p. The ALJ is also required to provide specific support with references to the record for rejection of a claimant's testimony. *McGoffin v. Barnhart*, 288 F. 3d 1248, 1254 (10th Cir. 2002). If the ALJ fails to provide the specific support then the reviewing court will remand the case for further consideration. *Id*. In this case, the ALJ's failure to properly evaluate the opinion evidence resulted in a failure to explain why several limitations opined by treating and examining sources were left out of Ms. Thomas's residual functional capacity (RFC) evaluation. In addition, the ALJ failed to include any limitations for Ms. Thomas's documented carpal tunnel syndrome.

The ALJ provided no contrary medical evidence to support his decision not to include any limitations for Ms. Thomas's documented carpal tunnel syndrome. It is an error for the ALJ to not include uncontradicted limitations in his RFC assessment. *See Pierce v. Apfel,* 21 F. Supp.2d 1274, 1277 (D. Kan. 1998), *citing Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992).

While the Commissioner suggests that the ALJ must be taken at this word when he stated he considered the entire record, the Court finds that such boilerplate language is not evidence that the ALJ has fulfilled his obligations, unless the findings are linked to specific evidence. *Barnett v. Apfel,* 231 F. 3 687, 689 (10th Cir. 2000).

For these reasons, this case must be reversed and remanded to allow the ALJ to evaluate Ms. Thomas's RFC based on all her impairments and limitations.

## **CONCLUSION**

Having determined that the Commissioner's decision is not based on substantial evidence or free of error, the Commissioner's decision is REVERSED and REMANDED for further consideration of the medical opinion evidence as directed by Social Security Ruling 96-2p. This court also finds that Ms. Thomas's residual functional capacity must be re-evaluated to include all impairments as directed by Social Security Ruling 96-8p.

DATED this  3rd   of  February, 2011.

_____
Magistrate Judge Brooke C. Wells
United States District Court Judge